IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL TAE-KIM AHLERS,            )
                                   )
                Petitioner,        )
                                   )
v.                                 )   Case No. 22-3281-JWL
                                   )
UNITED STATES DEPARTMENT OF        )
JUSTICE, Federal Bureau of Prisons,)
                                   )
                Respondent.        )
                                   )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). For the reasons set forth below, the petition is **denied**.

Petitioner, serving a 24-month sentence for bank fraud and making a false tax filing, was transferred to home confinement on February 23, 2022. Pursuant to the First Step Act (FSA), petitioner was granted 64 days of credit, which moved his projected release date forward to January 29, 2023. By this petition, petitioner seeks immediate release to his period of supervised release, based on his claim that he should have been granted additional days of FSA credit. In light of the request for immediate release, the Court expedited the parties' briefing and its consideration of the petition.

In his first claim, petitioner seeks 15 days of credit for the period before his transfer to home confinement but after the last calculation of his credit and release date on January 20, 2022. Respondent concedes that he should have received such credit, and it has now

applied that credit and recalculated petitioner's projected release date as January 14, 2023. Petitioner does not dispute that he has now been awarded the credit sought. Accordingly, the Court denies this claim as moot.

In his second claim, petitioner seeks an additional 115 days of credit because of his employment while on home confinement. The First Step Act of 2018 required the Bureau of Prisons (BOP) to offer expanded evidence-based recidivism reduction (EBRR) programs through which prisoners could earn certain rewards, including the awarding of time credits. *See* 18 U.S.C. §§ 3621(h), 3632(d). The relevant statute provides that a prisoner shall earn time credits according to a particular formula upon successful completion of an EBRR program. *See id.* § 3632(d).

Petitioner argues that his employment should count as an EBRR program for which he earns an FSA time credit. There is no authority, however, requiring the BOP to recognize any employment or a particular activity as an EBRR program for which credit may be given. As shown by the evidence submitted by respondent, the BOP offers only particular programs for which prisoners are eligible for the credit, and petitioner's employment does not constitute an eligible program. Thus, because the BOP has discretion regarding which programs qualify for the credit, petitioner is not entitled to the credit he seeks here. *See Cohen v. Hudgins*, 2021 WL 6066667, at *4 (N.D.W.V. Oct. 28, 2021), *recommendation adopted*, 2021 WL 5565163 (N.D.W.V. Nov. 29, 2021). Petitioner relies on the applicable regulation's definition of EBRR programs, but that definition provides only that such programs "may include" inmate work and employment opportunities; it does not require that all such opportunities be recognized as EBRR programs for which credit

may be earned.  *See* 28 C.F.R. § 523.41(a)(11).  Petitioner has cited no authority requiring the BOP to award FSA time credits for petitioner's employment while on home confinement, whether or not the BOP encouraged and approved that employment as part of petitioner's duties while on home confinement.  Therefore, because petitioner has not shown an entitlement to the additional credit, the Court denies this claim as well.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of November, 2022, in Kansas City, Kansas.

<u>/s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge

---

[1] The Court need not address respondent's statutory argument, made without citation to caselaw, that such credits may not be earned by someone on home confinement. The Court also declines to address respondent's argument that petitioner failed to exhaust administrative remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (court may deny Section 2241 petition on the merits without resolving exhaustion issue).